UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:05-cv-117/1:01-cr-95 |
| | ) | *Collier* |
| ISAAC KEN CALL | ) | |

### MEMORANDUM

Defendant Isaac Ken Call ("Call"), by and through counsel, Frank B. Perry, has filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 (Court File No. 1). Call pleaded guilty to one count of conspiracy to distribute narcotics in excess of 5 kg of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. On December 6, 2002, Call was sentenced to the custody of the United States Bureau of Prisons for a total imprisonment term of one hundred and fifty (150) months.[1] Call contends the enhancement of his sentence by two (2) points for a firearm he did not possess violates *United States v. Booker*, 125 S.Ct. 738 (2005), and the Court improperly determined he was a leader and enhanced his sentence by two (2) points. In addition, Call contends

---

[1] Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Call pursued a direct appeal. The Court of Appeals for the Sixth Circuit affirmed this Court's decision on April 22, 2004. Call did not pursue direct review through to a petition for certiorari in the Supreme Court of the United States. "For the purposes of the limitations period of § 2255, 'a conviction becomes final at the conclusion of direct review.'" *Brown v. United States*, 20 Fed. Appx. 373 (6th Cir. 2001) (unpublished table decision), *available in* 2001 WL 1136000, *quoting Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). If a defendant pursues direct review through to a petition for certiorari in the Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case. When a defendant pursues a direct appeal but does not petition the United States Supreme Court for certiorari, his judgment becomes final when the time expires for filing a petition for certiorari. *Clay v. United States*, 537 U.S. 522, 532 (2003). Therefore, Call's ninety days expired on July 22, 2004, and his judgment became final. The one-year statute of limitations for filing a § 2255 motion began on July 23, 2004, and expired July 23, 2005. Therefore, Call's § 2255 motion, which was filed on April 21, 2005, is timely.

counsel was ineffective for failing to raise the constitutionality of the Federal Sentencing Guidelines.

Because it plainly appears from the § 2255 motion and file, and Call's criminal file that he is not entitled to any relief, the United States Attorney is not required to file an answer in this matter. For the reasons which follow, the Court has determined a hearing is not necessary and concludes that the § 2255 motion, lacks merit and will be **DENIED**. Call is not entitled to any relief under § 2255.

I. **Standard of Review**

This Court must vacate and set aside the sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . . ." 28 U.S.C. § 2255. Under Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveals the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the Court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo,* 454 F.2d 52, 53 (6th Cir. 1972);[2] *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity,

---

[2] *Green v. Wingo* involves a petition for the writ of habeas corpus, pursuant to 28 U.S.C. § 2254, with respect to a state conviction. Nevertheless, §§ 2254 and 2255 are counterparts of each other and the law applicable to one generally applies to the other. *Davis v. United States,* 417 U.S. 333, 343-44 (1974); *Metheny v. Hamby,* 835 F.2d 672, 673-74 (6th Cir. 1987), *cert. denied,* 488 U.S. 913 (1988).

2

are not sufficient to warrant a hearing." *Green v. Wingo,* 454 F.2d at 53; *O'Malley,* 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts, is without legal merit. *Loum v. Underwood,* 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson,* 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Reed v. Farley,* 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Hill v. United States,* 368 U.S. 424, 428 (1962); *Clemmons v. Sowders,* 34 F.3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas,* 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States,* 582 F.2d 1039, 1041 (6th Cir.), *cert. denied,* 439 U.S. 988 (1978). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley,* 512 U.S. at 354; *Grant v. United States,* 72 F.3d 503, 506 (6th Cir.), *cert. denied,* 517 U.S. 1200 (1996).

"On collateral review, a trial error is deemed harmless unless it had a 'substantial and injurious effect or influence in determining the jury's verdict.'" *Fair v. United States*, 157 F.3d 427, 430 (6th Cir., 1998), *quoting Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993). "It is a 'well-settled principle that to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal.'" *Fair,* 157 F.3d at 430, *quoting United States v. Frady* 456 U.S. 152, 166 (1982). A defendant must show a "fundamental defect" in the proceedings which

3

necessarily results in a complete miscarriage of justice or an egregious error which violates due process in order to prevail under 28 U.S.C. § 2255.  *See Fair v. United States,* 157 F.3d at 430, *Gall v. United States,* 21 F.3d 107, 109 (6th Cir. 1994).

Further, a § 2255 motion is not a substitute for a direct appeal and it cannot do service for an appeal.  *Bousley v. United States*, 523 U.S. 614, 621 (1998); *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996); *United States v. Walsh*, 733 F.2d 31, 35 (6th Cir. 1984).  Challenges that should have been raised on direct review but were not raised, will not be addressed by habeas courts unless cause is shown for the tardy challenge and "actual prejudice" resulting from the error is demonstrated, *United States v. Frady*, 456 U.S. at 167-68; or that the movant is actually innocent of the crime.  *See Bousley v. United States,* 523 U.S. 614 (1998).

## II.  Factual Background

Defendant Call pleaded guilty to Count One of the indictment, *i.e.*, conspiring to distribute over five kilograms of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  The facts relevant to Count One are taken from Call's Plea Agreement :

> 8. The facts supporting the defendant's plea of guilty are as follows:
>
> Chattanooga Police Detective Phillip Narramore, using a Confidential Informant, set up a drug deal in Chattanooga, Tennessee.  On May 24, 2001, Randy Lee Howell ("Howell") and Isaac Ken Call ("Call") traveled from North Carolina (near North Wilkesboro) to meet with undercover Detective Narramore.  Narramore, Howell, and Call met at the Tennessee Welcome Center off I-75 North near East Ridge ("Welcome Center") to arrange the purchase by Call and Howell of approximately ten kilograms of cocaine hydrochloride.  Detective Narramore and Call discussed the price of the drugs and the method

4

of delivery.

On June 4, 2001, Detective Narramore contacted Call about the sale of cocaine hydrochloride to Call. Call stated that he was sending "his man," whom Detective Narramore knew to be Howell, to the Welcome Center and that he would be there between 8 and 9 a.m. on June 5, 2001.

On June 5, 2001, at approximately 8:30 a.m., Detective Narramore met Howell and his brother, Duane Alfred Church ("Church"), at the Welcome Center. After a brief conversation between Detective Narramore and Howell, Detective Narramore questioned Howell whether he had the money and Howell replied that he did. Howell took Detective Narramore over to Howell's truck at which time Detective Narramore observed a large amount of money behind the driver's seat. Detective Narramore told Howell that it would take approximately 30-45 minutes for the ten kilograms of cocaine hydrochloride to arrive in Chattanooga. Detective Narramore left, followed by Howell, and went to the Waffle House located at Shallowford Road and Highway 153. While having breakfast at the Waffle House, Detective Narramore, Howell and Church discussed the details of the drug transaction about to occur. During this conversation Church said nothing. However, Church was sitting at the table, could hear the entire conversation, and would nod in agreement during certain portions of the drug transaction conversation. At approximately 9:45 a.m., Detective Narramore and Howell left the Waffle House and went to the Chickamauga Marina located on Kings Point Road. Prior to the arrival of Detective Narramore, Howell and Church at the Marina, an undercover recreational vehicle had been placed at the marina. The undercover recreational vehicle was equipped with audio and video surveillance equipment. Upon arrival of Detective Narramore, Howell and Church, Church remained with Howell's truck (which contained the money and gun) and Detective Narramore and Howell went inside the recreational vehicle where Detective Narramore showed Howell ten kilograms of cocaine hydrochloride (three kilos of which were real and the remainder were decoys). Howell tested the cocaine hydrochloride. At that time, Detective Narramore gave the bust signal and undercover officers arrested Howell and Church.

Howell and Church's vehicle was searched incident to arrest. Officers found a loaded Browning Arms Company .380 caliber semi-automatic pistol and a box of .380 caliber ammunition. Also found in the vehicle was a black backpack containing approximately

5

>     $130,000 in U.S. currency. Defendant Call's role in the conspiracy
>     was to set up the drug transaction with Detective Narramore.

*United States v. Call*, Criminal Action Number 1:01-cr-95 (E.D. Tenn. 2002) (Court File No. 62).

**III.    Analysis**

In his motion to vacate, set aside or correct, Call asserts three claims. First, he contends his sentence violates *United States v. Booker*, 125 S.Ct. 738 (2005), because his sentence was increased by two (2) points for a firearm he did not possess and for which he did not plead guilty. In his second claim, Call contends the two (2) point enhancement as a leader was improper because he was just the "front man for Howell" and he did not plead to this factor so the Court should not have found him to be a leader. In his third claim, Call asserts that counsel was ineffective for failing to raise the constitutionality of the Federal Sentencing Guidelines.

**A.    Booker Claim**

Call contends his sentence was increased by two (2) points for a firearm he did not possess in violation of *United States v. Booker*, 125 S.Ct. 738 (2005).[3] In effect, Call asserts that the district court improperly sentenced him in violation of *Booker* when it enhanced his sentence by a preponderance standard for a firearm which a co-conspirator possessed. Call was sentenced on December 6, 2002. At that time *United States v. Booker*, 125 S.Ct. 738 (2005) (Extending the holding of *Blakely* to the United States Sentencing Guidelines, the Supreme Court held the mandatory nature of the federal sentencing guidelines rendered them incompatible with the Sixth Amendment guarantee to the right to a jury trial), had not been decided by the United States

---

[3]    This enhancement may be applied when a firearm is possessed by a co-conspirator. *See United States v. Fields*, 408 F.3d 1356, 1359-1361 (11th Cir. 2005).

Supreme Court. At this time, none of the recent cases addressing the Federal Sentencing Guidelines, including *Booker*, have been held to be retroactively applicable to cases already final on direct review.

*Booker* was decided on January 12, 2005. However, the Supreme Court did not announce that *Booker* was retroactively applicable. The Court's research indicates that the majority of courts who have addressed this issue have determined *Booker* is not applicable to cases that were final prior to the Supreme Court's decision in *Booker,* and the Sixth Circuit has specifically determined *Booker* is not applicable on collateral review. *See Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005) (*Booker's* rule does not apply retroactively in collateral proceedings); *In re Anderson*, 396 F.3d 1336(11th Cir. 2005) ("It follows that because *Booker*, like *Blakely* and *Ring*, is based on an extension of *Apprendi*, Anderson cannot show that the Supreme Court has made that decision [*Booker*] retroactive to cases already final on direct review."); *Hamlin v. United States,* 2005 WL 102959 (D.Me. Jan. 19, 2005) (interpreted *Booker* to apply only to cases on direct review); *Stevens v. United States*, 2005 WL 102958 (D.Me. Jan. 18, 2005) (concluded *Booker* should not be applied retroactively to cases where the claim was not raised on direct review); *United States v. Harp*, 2004 WL 1636251 (N.D. Iowa July 22, 2004) (collateral relief requested in light of *Blakely* denied); *United States v. Traeger*, 325 F.Supp.2d 860 (N.D. Ill., 2004) (concluded *Blakely* decision did not apply retroactively). Call has no viable claim under *Booker*.

*Booker* does not apply to persons such as Call, whose sentence became final prior to the *Booker* decision. Therefore, Call is not entitled to any § 2255 relief on this claim.

    **B.**     <u>**Role in the Offense Enhancement**</u>

Defendant contends the Court erred when it increased his sentence by two points for being

7

a leader. On direct appeal Call argued the district court improperly increased his sentence by two levels for a leadership role in the offense under United States Sentencing Guidelines ("USSG") § 3B1.1(c). The United States Court of Appeals for the Sixth Circuit determined the claim was without merit. "Section 3B1.1(c) provides for a two-level increase if the defendant was an organizer, leader, manager, or supervisor in any criminal activity. . . . [and] exerted control over at least one other participant in a supervisory, managerial, leadership, or organizational capacity." *United States v. Call*, 96 Fed.Appx. 327 (6th Cir. April 22, 2004)(unpublished). The United States Court of Appeals for the Sixth Circuit determined that,

> The government met its burden of demonstrating that Call's Guidelines range should be increased under § 3B1.1(c). The government presented evidence that Call had met with an undercover detective to arrange for a drug purchase of ten kilograms of cocaine. Call was looking to enter into a long-term relationship with a supplier. While Call would not be delivering the cash or picking up the cocaine because of physical disabilities, he would be responsible for arranging the purchases, and a co-conspirator would be picking up the cocaine at Call's direction. Call acknowledged in his plea agreement that his role in the conspiracy was to set up the drug transaction with the undercover detective.

*United States v. Call*, 96 Fed.Appx. 327 (6th Cir. April 22, 2004)(unpublished).

On direct appeal, the United States Court of Appeals for the Sixth Circuit concluded that Call's sentence was not improperly enhanced. It appears that Call is attempting to re-litigate matters that were previously considered and rejected by the Court of Appeals. Call's claim regarding the role in the offense enhancement in his § 2255 motion is a transparent attempt to re-litigate the role enhancement issue rejected by the appellate court on his direct appeal. Therefore, Call is not entitled to relief on this claim.

Call is not entitled to relief because he raised the claim regrading the role enhancement on direct appeal and the Sixth Circuit ruled against him. It is well-settled that a § 2255 motion may not

8

be employed to re-litigate an issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law. *Oliver v. United States,* 90 F. 3d 177, 180 (6th Cir. 1996); *DuPont v. United States,* 76 F.3d 108, 110-11 (6th Cir. 1996); *United States v. Jones,* 918 F.2d 9, 10 (2nd Cir. 1990); *United States v. Grimes,* 573 F. Supp. 1202, 1206 (S.D. Ohio, 1983).

The Sixth Circuit has previously addressed and rejected this claim and determined the claim lacked merit. In Call's direct appeal the appellate court addressed the role enhancement issue and affirmed the conviction and sentence. *Id.* Therefore, Call raised this issue on his initial appeal and he has failed to show exceptional circumstances which would allow him to re-litigate this issue. Accordingly, Call is not entitled to any § 2255 relief on his role enhancement claim.

### C. **Ineffective Assistance of Counsel**

Call contends he received ineffective assistance of counsel because his attorney failed to raise the constitutionality of the Federal Sentencing Guideline, an issue Call claims was before the United States Supreme Court and Court of Appeals during this time. At the time of Call's sentencing in 2002, the Supreme Court had decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Subsequent to Call's sentencing, the Supreme Court rendered its decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004) and *United States v. Booker*, 125 S.Ct. 738 (2005). Call asserts that his trial counsel was ineffective for not attacking the constitutionality of the Federal Sentencing Guidelines and presumably argues his attorney should have anticipated the Supreme Court's decisions in *Blakely* and *Booker* based on its previous rulings in *Apprendi*.

The Sixth Circuit recently addressed such a claim in an unpublished opinion. *United States v. Burgess*, 2005 WL 1515327, at *6-*8 (6th Cir. June 22, 2005). Although the appellate court

9

normally declines to review an ineffective assistance claim on direct review, the *Burgess* court determined it was able to "determine that issue as a matter of law based on the facts already in the record." *Id.* at *7. Observing that the Supreme Court had not even agreed to hear *Blakely's* appeal until over a month after Burgess's sentencing, the Court determined "trial counsel cannot be deemed ineffective for failing to anticipate the Supreme Court's June 24, 2004 holding in *Blakely* that the Sixth Amendment precluded the imposition of a sentence under Washington state's sentencing system based on facts not found by a jury or admitted by the defendant. *See Blakely*, 124 S.Ct. at 2537-38 (applying *Apprendi*)." *Id.* The *Burgess* court found that "counsel [cannot] be deemed ineffective for lacking the additional prescience to anticipate that the eventual holding in *Blakely* would lead to the Supreme Court's January 12, 2005 decision in *Booker* to remedy potential Sixth Amendment problems in the application of the Federal Sentencing Guidelines by declaring the Guidelines advisory only, *Booker*, 125 S.Ct. at 764-67, particularly because the *Blakely* opinion makes clear that it expresses no opinion on the continuing validity of the federal guidelines, *Blakely*, 124 S.Ct. at 2538 n.9." *Burgess*, at 7.

In addition, the *Burgess* court observed that Burgess never claimed the district court sentenced him above the statutory maximums for the crimes to which he pleaded guilty. A claim that Call, likewise, does not make. Like Burgess, Call argues the district court should have granted him certain adjustments and downward departures so that he could have received a sentence *below* what the admitted facts authorized.[4] As the Sixth Circuit determined in *Burgess*, Call's "sentence

---

[4] Call's sentence would have been in error under the recent Supreme Court cases only if that sentence exceeded the maximum allowed based upon the facts found by the jury or admitted by Call. *See Booker*, 125 S.Ct. at 750. Call pleaded guilty to conspiring to distribute over five kilograms of cocaine hydrochloride. According to the plea agreement, since he had a prior felony drug conviction, he faced a sentence of not less than 20 years or more than life. 21 U.S.C.

10

does not raise any of the due process or Sixth Amendment concerns that precipitated the holdings in *Apprendi*, *Blakely*, or *Booker*, which involved judge-imposed sentences *above* the sentences that were authorized solely by a jury verdict or the facts admitted by the defendant." *Id.* at *8. Thus, as the *Burgess* court found, "even assuming that [Call's] counsel was in a position to argue about the potential unconstitutional application of the Sentencing Guidelines, that argument had no application (and therefore no merit) in [Call's] case." *Id.* Although there was no apparent threat to Call's Sixth Amendment rights, Call's attorney would have had to convince this Court that Call should be sentenced as if the Guidelines were advisory–an argument that no other court had accepted at that time and an argument this Court would not have accepted.

The *Burgess* court determined that "[a]s a matter of law, there simply is no basis for Burgess's assertion that his counsel's failure to predict this novel line of authority 'fell below an objective standard of reasonableness.'" *Id.* at *9. Applying the ruling in *Burgess,* Call's claim of constitutionally ineffective counsel must be rejected. As previously discussed, counsel is not generally considered ineffective for failing to foresee a change in the law. *See United States v. Smith*, 241 F.3d. 546, 548 (7th Cir. 2001) (holding that trial counsel was not ineffective for failing to anticipate the *Apprendi* decision).

*Blakely* and *Booker* were both decided subsequent to Call's direct appeal. Although, *Blakely* was decided prior to Call's conviction becoming final, *Blakely* did not apply to the Federal

---

§ 841(b)(ii)(II). However, it appears the government did not file a proper § 851 notice, thus, the facts as established beyond a reasonable doubt by Call's guilty plea supported a minimum sentence of 10 years and a maximum sentence of life. Consequently, Call's 150 month sentence did not exceed the maximum allowed based on the facts admitted by him. Since any enhancement of his sentence did not exceed the maximum authorized by the facts established by Call's guilty plea his sentence was not imposed in violation of *Blakely* or *Booker*.

11

Sentencing Guidelines prior to Call's conviction becoming final. Counsel's failure to anticipate that the Supreme Court would apply the principles of *Blakely* to the Federal Sentencing Guidelines was not outside the range of competence, especially since the Supreme Court explicitly stated its decision regarding Washington's sentencing guidelines was not an opinion on the Federal Sentencing Guidelines because the Federal Guidelines were not before them, *Blakely*, 124 S.Ct. at 2533,2539 n. 9; and during the period post *Blakely* and prior to *Booker*, a majority of circuits, including the Sixth Circuit, *see United States v. Koch*, 383 F.3d 436, 438 (6th Cir. 2004) (en banc), held that *Blakely* did not apply to the Federal Sentencing Guidelines. *See United States v. Mincey*, 380 F.3d 102, 105 (2d Cir. 2004); *United States v. Hammond*, 381 F.3d 316, 345 (4th Cir. 2004) (en banc); *United States v. Pineiro*, 377 F.3d 464, 465-66 (5th Cir. 2004); *Leonard v. United States*, 383 F.3d 1146 (10th Cir. 2004); and *United States v. Reese*, 382 F.3d 1308, 1310 (11th Cir. 2004). However, during that time the Seventh and Ninth Circuits held that *Blakely* did apply to the Federal Sentencing Guidelines. *See United States v. Booker*, 375 F.3d 508, 515 (7th Cir. 2004); *United States v. Ameline*, 376 F.3d 967, 974 (9th Cir. 2004). Given the uncertainty of the applicability of *Blakely* to the Federal Sentencing Guidelines, and the fact that a majority of circuits rejected *Blakely's* application to the Federal Sentencing Guidelines before the Supreme Court's decision in *Booker,* the Court concludes Call's counsel was not deficient in failing to raise *Blakely.* In *Booker*, the United States Supreme Court made *Blakely* applicable to the Federal Sentencing Guidelines, however, *Booker* was decided subsequent to Call's conviction becoming final; likewise, counsel's conduct was not deficient in failing to raise *Booker.* At the time of Call's sentencing, the Federal Sentencing Guidelines were considered constitutional. Therefore, counsel's failure to anticipate *Blakely* and

*Booker* and attack the constitutionality of the Sentencing Guidelines will not support a claim for ineffective assistance of counsel.[5]

Moreover, assuming purely for the sake of discussion that counsel was deficient for failing to argue the constitutionality of the sentencing guidelines, Call must show prejudice *i.e.*, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The *Strickland* test, however, must be adjusted in cases where a defendant has pled guilty instead of being found

---

[5] The uncertainty of the applicability of *Blakely* to the Federal Sentencing Guidelines, and the fact that a majority of circuits rejected *Blakely*'s application to the Guidelines before the Supreme court's decision in *Booker,* has resulted in courts unanimously concluding that it was not outside the "range of competence" for counsel to advise petitioner that he had no non-frivolous ground for appeal. *See Thompson v. United States*, 2005 WL 1173560, at *1 (N.D.N.Y. May 2, 2005) (holding that because the Federal Sentencing Guidelines were not considered unconstitutional at the time of petitioner's appeal, counsel could not be found ineffective for failing to raise a *Blakely*-type claim); *Lach v. United States*, 2005 WL 1019238, at *1 n. 1 (D.Utah Apr. 28, 2005) (holding petitioner's claim of ineffective counsel to be without merit because Blakely did not apply to the Guidelines at the time of the sentencing.) See also *Fuller v. United States*, 398 F.3d 644, 650 n. 4 (7th Cir.2005) ( "[Petitioner] does not argue that his trial counsel was ineffective for failing to anticipate [*Blakely* ] and [*Booker*] .... Indeed, 'no such argument would be tenable.' ") (citation omitted); *Campbell v. United States*, 108 Fed.Appx. 1, 4 (1st Cir.2004) ("counsel's failure to anticipate *Blakely* would not constitute unreasonable performance under *Strickland* "); *Frost v. United States*, 2005 WL 331470, at *1 (D.N.H. Feb.11, 2005) ("failure to anticipate *Blakely v. Washington* and *United States v. Booker* does not qualify as ineffective assistance of counsel"); *Thomas v. United States*, 2005 WL 1252262, at *3 (E.D.Va. May 26, 2005); *Pena v. United States*, 2005 WL 1176073, at *6-7 (S.D.N.Y. May 18, 2005); *Mayle v. United States*, 2005 WL 1154186, at *6-7 (N.D.Ohio May 16, 2005); *Johnson v. United States*, 2005 WL 1123588, at *2 (N.D.Ohio Apr. 13, 2005); *United States v. Johnson*, 2005 WL 839156, at *3 (D.Kan. Apr. 11, 2005).

guilty after a trial. *Thomas v. Foltz,* 818 F.2d 476, 480 (6th Cir.), *cert. denied,* 484 U.S. 870 (1987). To successfully challenge a guilty plea on the ground of ineffective assistance of counsel, Call must show that his attorney's performance fell below an objective standard of reasonableness and show a reasonable probability that, but for counsel's errors, Call would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994); *Sullivan v. United States*, 11 F.3d 573, 576 (6th Cir. 1993); *United States v. Smith*, 981 F.2d 887, 894 (6th Cir. 1992).

Call has failed to prove or even allege the prejudice required to satisfy the second prong of the *Strickland* test as modified by *Hill*. Call is asking this Court to "inquire into this matter and . . . grant the relief sought and reduce his sentence to the appropriate guideline range which Defendant contends would be 105-135 months consistent with a Level 29 Criminal History Category 3." (Court File No. 2). Call does not claim that, but for the alleged incompetence of his attorney, he would not have pled guilty and would have insisted on going to trial. Therefore, Call has not established a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial.

Counsel's failure to argue the Federal Sentencing Guidelines were unconstitutional did not fall below an objective standard of reasonableness. Call has not shown counsel was ineffective or that his representation prejudiced petitioner; thus, he is not entitled to any relief on his claim of ineffective assistance of counsel. Accordingly, Call's § 2255 motion [Court File No.1] is **DENIED.**

An appropriate judgment will enter.

**/s/**
**CURTIS L. COLLIER**

**UNITED STATES DISTRICT JUDGE**